# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOHN ROBERT ZURZOLO,

        Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

        Defendant.

2:10-cv-00590-JCM-LRL

**O R D E R**

Plaintiff, John Robert Zurzolo ("Zurzolo"), has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and

citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Zurzolo filed his Complaint on the court's civil rights complaint form pursuant to § 1983. However, Zurzolo includes no causes of action in the Complaint and therefore asserts no civil rights violations; nor does he list defendants where required in section A(2) ("Jurisdiction"). Also left blank is that portion of the form which asks whether he wishes to assert jurisdiction under different or additional statutes. Nor has Zurzolo named what civil rights of his were allegedly violated in the spaces provided to name and describe Counts I, II, III. Within the section to describe any supporting facts for Count I, Zurzolo writes, "From what I understand, anything of myself that matters of any of least enough of to be heard about; And was heard about and I was told that was really any think of really nothing hearing about." As the "Nature of the Case," Zurzolo describes money he alleges is owed him under a last will and testament. Zurzolo has not set forth the particular facts that would entitle him to relief, nor has he provided dates on which his civil rights were allegedly violated. Moreover, he does not articulate the relief he seeks or the legal grounds for relief, nor does he name a defendant. Hence, his Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, and for good cause shown,

. . .

. . .

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by August 21, 2010 or her case may be dismissed with prejudice.

DATED this 26th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3